IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRIAN WHITESIDE and AUTOFICIO, LLC,<br><br>　　Plaintiffs,<br><br>v.<br><br>CIMBLE CORP., ALVIN ALLEN, and PAUL BARRETT,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§ Civil Action No.: 4:17-cv-00404-KPJ<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Cimble Corporation ("Cimble"), Alvin Allen ("Allen"), and Paul Barrett's ("Barrett") (collectively, "Defendants") counsel Stephen W. Abbott and Brent T. Caldwell's (together, "Counsel") Motion to Withdraw as Counsel for Defendants (the "Motion") (Dkt. 193). Plaintiffs Brian Whiteside and Autoficio, LLC (together, "Plaintiffs") are unopposed to the Motion; Allen and Barrett, individually, and on behalf of Cimble, are opposed to the Motion. *See* Dkt. 193 at 1. The Court held a hearing to address the Motion on May 12, 2020 (the "Hearing"), which was attended by Plaintiffs' counsel, Defendants' Counsel, Allen, and Barrett. *See* Docket Entry on May 12, 2020. For the reasons set forth below, the Motion (Dkt. 193) is hereby **DENIED WITHOUT PREJUDICE**.

**I.　ARGUMENTS**

Counsel moves to withdraw from representing Defendant Cimble, a corporation, and Defendants Allen and Barrett, individuals, in this matter because Defendants "have been, and are currently unable, to pay the past due legal fees and expenses owed." Dkt. 193 at 1. Counsel has represented Defendants for approximately thirty months in this lawsuit without receiving any payment for legal fees and receiving only partial payment for outstanding expenses. *See* Docket

1

Entry on May 12, 2020. Counsel are members of a small law firm, currently consisting of four partners and one associate, and thus, argue that Counsel's continued representation without payment will result in an unreasonable financial burden on Counsel and their law firm, particularly during the COVID-19 pandemic. *See id*.

At the Hearing, Allen and Barrett argued that Defendants would be severely prejudiced if the Court permits Counsel to withdraw. *See id*. Defendants do not dispute that they have failed to pay Counsel's legal fees, and at the Hearing, reiterated their intent to pay Counsel as soon as they are financially able. Further, Allen and Barrett stated that they been unable to retain substitute counsel, despite efforts to do so, and argued that it would be difficult, if not impossible, to find new counsel at this late stage of the case, particularly given Defendants' present inability to pay for legal services. *See id*.

## II.  LEGAL STANDARD

"Given the contractual nature of the attorney-client relationship, a lawyer who agrees to represent a client is generally 'expected to work through the completion of a case.'" *Globeranger Corp. v. Software AG, et al.*, Case No. 3:11-CV-0403-B, 2014 WL 11456069, at *2 (N.D. Tex. July 11, 2014) (citing *Fed. Trade Comm'n v Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993); *Streetman v Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987)). Withdrawal may be permitted, however, "upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). An attorney seeking to withdraw "bears the burden of proving the existence of good cause and must demonstrate that the attorney's withdrawal will not adversely affect efficient litigation of the suit." *Neal Technologies, Inc. v. Unique Motorsports, Inc.*, Case No. 4:15-CV-00385, 2018 WL 837715, at *2 (E.D. Tex. Feb. 13, 2018).

The Eastern District of Texas has adopted the Texas Disciplinary Rules of Professional Conduct as a guideline for governing the obligations and responsibilities of attorneys appearing before the Court. *See* Local Rule AT-2. Rule 1.15(b) outlines six specific situations in which good cause exists for the withdrawal of counsel, including: (1) "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" and (2) "the representation will result in an unreasonable financial burden on the lawyer of has been rendered unreasonably difficult by the client." Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(5) & (6).

"Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *White v. BAC Home Loans Servicing, LP*, Case No. 309-CV-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). Thus, a court must consider the facts and circumstances of the case, as well as additional factors, before allowing an attorney to withdraw, including: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id*.

### III. ANALYSIS

As Counsel has established that Defendants have failed to pay for Counsel's legal services over the life of this case despite numerous warnings by Counsel, the Court finds good cause exists

for Counsel's withdrawal. *See* Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(5). However, the inquiry does not end there, as the Court must consider the facts and circumstances of this particular case, along with the six factors set forth above, "to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten*, 634 F.2d at 882.

First, this lawsuit consists of complex facts and legal arguments and has been pending with the Court for three years. Presently, the only work remaining for Defendants' Counsel is jury selection and trial. At the Hearing, Allen and Barrett expressed concern over their ability to retain new counsel and have such counsel adequately prepared for the upcoming trial.[1] Moreover, even if Defendants were able to retain new counsel, such new counsel would likely move for a continuance and further delay these proceedings. Thus, the withdrawal of Counsel would likely disrupt and delay final disposition of this case.

Moreover, Counsel's delay in filing the Motion weighs against the Court allowing withdrawal. As stated above, Counsel stated at the Hearing that they have represented Defendants for approximately thirty months without receiving payment for fees. Counsel informed the Court of the possibility that they may seek withdrawal for the first time at a hearing on January 6, 2020; however, no such motion was filed. *See* Dkt. 147. While the Court notes that trial in this case has been continued twice since the hearing on January 6, 2020, Counsel has contributed to the potential disruption and delay of this case by waiting to file the Motion at this late hour. *See Globeranger*, 2014 WL 11456069, at *2 ("Only now do Movants seek withdrawal with roughly three months until trial in an extraordinarily complex case that has been ongoing for more than three years. To allow withdrawal now invites the possibility of [defendant] hiring a substitute counsel and moving

---

[1] The Final Pretrial Conference was held on February 24, 2020, and trial was set to begin on April 13, 2020. Due to the COVID-19 pandemic, however, the Court postponed the trial. *See* Dkt. 188. The Court discussed potential trial dates in August and September 2020, with the parties at the Hearing. *See* Docket Entry on May 12, 2020. The Court has reset the trial to begin on September 21, 2020.

for a continuance to further delay these proceedings."). Thus, the Court finds that the prosecution of this lawsuit would be substantially disrupted by allowing Counsel to withdraw from representing Defendants at this late hour.

Finally, it is important to note that one Defendant is a corporation. The "well-settled rule of law[is] that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memom v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)). Although a court may permit an attorney to withdraw without identifying a succeeding representative for his corporate client, the Court is not persuaded that such permission would be proper here. First, as set forth above, this case has been pending for three years and is set for trial on September 21, 2020. Hence, "the prosecution of this lawsuit [would likely] be substantially disrupted by allowing counsel to withdraw." *American Resource Technologies, Inc. v. Oden*, Case No. 3:13-CV-04419-B, 2014 WL 6884243, at *4 (N.D. Tex. Dec. 8, 2014) (quoting *Smith Mar., Inc. v. Lay Drilling Barge Akpevweoghene*, Case No. 11-CV-731, 2014 WL 5306569, at *4 (W.D. La. Oct. 15, 2014)). For example, if the Court permitted Counsel's withdrawal, it would have to allow Defendants sufficient time to enlist new counsel. If substitute counsel was retained, it would have to afford new counsel sufficient time to get up to speed on the case—a case that has been pending for three years—and would undoubtedly need to extend the trial date. Moreover, these issues assume that another attorney is willing to represent Defendants in this matter. Otherwise, Defendants would be subject to substantial prejudice, including potentially exposing Cimble to default judgment. Given these circumstances, the Court cannot allow Counsel to withdraw without substitute counsel present in light of the undue delay, prejudice, and interference with justice withdrawal in this case would likely cause.

## IV.     CONCLUSION

The Court recognizes and sympathizes with Counsel's continued financial burden due to their representation of Defendants. Nevertheless, for all of the reasons stated above, the Court concludes that even though the Motion is supported by good cause, all of the other important withdrawal considerations support denying the Motion. Accordingly, without substitute counsel present and an assurance from such substitute counsel that he/she will be ready to proceed to trial in this matter on September 21, 2020, the Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS THEREFORE ORDERED** that Counsel shall remain as counsel of record for Defendants until Defendants obtain substitute counsel prepared to proceed to trial on September 21, 2020.

**So ORDERED and SIGNED this 9th day of June, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE