**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **BRIAN WHITESIDE, and** | § | |
| **AUTOFICIO, LLC** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-404-KPJ** |
| | § | |
| **CIMBLE CORPORATION,** | § | |
| **ALVIN ALLEN, and PAUL BARRETT,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

On January 19, 2021, counsel of record ("Counsel") for Defendants Cimble Corporation, Alvin Allen, and Paul Barrett (collectively, "Defendants") filed a Renewed and Supplemented Motion to Withdraw (the "Renewed Motion") (Dkt. 206). The Motion represents Plaintiffs and counsel for Plaintiffs do not oppose the Motion, but Defendants oppose the Motion. *See id.* Having considered the arguments and applicable authorities, the Court finds the Motion (Dkt. 206) is hereby **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

More than three years ago, on June 8, 2017, Plaintiffs initiated suit against Defendants. *See* Dkt. 1. Plaintiffs asserted claims of breach of contract, common law fraud, statutory fraud, and negligent misrepresentation. *See* Dkt. 1. The underlying facts of this suit are complex, involving multiple contracts and players. *See* Dkt. 197 at 1–5. Extensive litigation has already ensued, with numerous motions filed and six different scheduling orders entered. *See* Dkts. 27, 59, 109, 122, 128, 133. On June 15, 2020, the Court ruled on a motion for summary judgment, and only Plaintiff's claims for breach of contract and statutory fraud remain. *See* Dkt. 197. The Court held

a final pretrial conference and ruled on all motions in limine. *See* Dkts. 148, 178, 181, 197. Additionally, the parties prepared a final joint pretrial order, witness list, exhibit list, and jury instructions. *See* Dkts. 152, 157, 165, 167, 168, 175, 182, 183, 184. Thus, with the exception of an outstanding issue regarding exhibit lists, this matter became ripe for a jury trial on June 15, 2020. However, due to challenges with a party's health and the global COVID-19 pandemic, the Court reset trial multiple times. *See* Dkts. 186, 189, 195, 201. On January 6, 2021, the Court held a telephonic hearing, during which it stated its intent to administratively close this matter until it is safe to have the parties, a jury, witnesses, and court personnel convene for an in-person, multi-day trial. *See* Dkt. 205. During the hearing, the parties and the Court agreed that by Summer 2021, conditions will likely be safe to conduct a jury trial. *See id.*

Almost three years into the case, Counsel filed their first motion to withdraw (the "First Motion") (Dkt. 193). In the First Motion, Counsel moved to withdraw from representing Defendants, stating Defendants "have been, and are currently unable, to pay the past due legal fees and expenses owed." *Id.* at 1. Counsel stated they were members of a small five-person law firm, and continued representation would pose an unreasonable financial hardship, particularly during a global pandemic. *Id.* at 2. The Court then held a hearing, during which Defendants Allen and Barrett (the "Individual Defendants") argued they would be severely prejudiced if the Court permitted Counsel to withdraw. *See* Minute Entry for April 27, 2020. At the hearing, the Individual Defendants did not dispute that they have failed to pay Counsel's legal fees, and the Individual Defendants represented they have been unable to retain substitute counsel, despite making efforts to do so. The Individual Defendants argued that it would be difficult, if not impossible, to find new counsel at this late stage of the case, particularly because they are unable to pay for legal services. *See id.*

On June 9, 2020, the Court entered its Memorandum Opinion and Order, wherein it denied Counsel's First Motion without prejudice. *See Whiteside v. Cimble Corp.*, No. 4:17-cv-404-KPJ, 2020 WL 3064457, at *3 (E.D. Tex. June 9, 2020). Because Defendants failed to pay for Counsel's legal services over the course of this lawsuit, the Court found good cause existed for Counsel's withdrawal. *Id.* at *2. However, because Defendants were unlikely to afford new counsel and a corporate defendant could not proceed in this matter *pro se*, the Court found this case would be severely disrupted if withdrawal was permitted. *Id.* *2–3. These, among other reasons, led the Court to deny Counsel's First Motion without prejudice. *Id.* at *3.

On January 19, 2021, Counsel filed the Renewed Motion (Dkt. 206), which repeats the same arguments as the First Motion (Dkt. 193). In the Renewed Motion, Counsel notes that, in the eight months between the First Motion and the Renewed Motion, Defendants have made "nominal payments" towards their unpaid balance. *See id.* at 2. Further, Counsel represents that its firm is now a six-lawyer law firm, not a five-lawyer law firm. *Compare* Dkt. 206 at 2 *with* Dkt. 193 at 2.

## II.   <u>LEGAL STANDARD</u>

"Given the contractual nature of the attorney-client relationship, a lawyer who agrees to represent a client is generally 'expected to work through the completion of a case.'" *Globeranger Corp. v. Software AG*, No. 3:11-cv-403-B, 2014 WL 11456069, at *2 (N.D. Tex. July 11, 2014) (citing *Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993); *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987)). Withdrawal may be permitted, however, "upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). An attorney seeking to withdraw "bears the burden of proving the existence of good cause and must demonstrate that the attorney's withdrawal will not

adversely affect efficient litigation of the suit." *Neal Techs., Inc. v. Unique Motorsports, Inc.*, No. 4:15-cv-385, 2018 WL 837715, at *2 (E.D. Tex. Feb. 13, 2018).

The Eastern District of Texas has adopted the Texas Disciplinary Rules of Professional Conduct as a guideline for governing the obligations and responsibilities of attorneys appearing before the Court. *See* LOCAL RULE AT-2. Rule 1.15(b) outlines six specific situations in which good cause exists for the withdrawal of counsel, including: (1) "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" and (2) "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(5) & (6).

"Even where good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *White v. BAC Home Loans Servicing, LP*, Case No. 309-CV-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). Thus, a court must consider the facts and circumstances of the case, as well as additional factors, before allowing an attorney to withdraw, including: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice."

### III.  ANALYSIS

#### A.  GOOD CAUSE

Counsel has plainly established Defendants have failed to pay for legal services, despite numerous warnings by Counsel. *See* Dkts. 193, 206; Minute Entry for April 27, 2020. Accordingly, the Court finds good cause exists for Counsel's withdrawal. *See* Texas Disciplinary Rules of Prof'l Conduct R. 1.15(b)(5). However, the inquiry does not end there, as the Court must consider the facts and circumstances of this particular case, along with the six factors set forth above, "to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten*, 634 F.2d at 882.

#### B.  DELAY, DISRUPTION, AND PREJUDICE

Because of this case's factual complexity and numerous filings, even if Defendants were able to retain new counsel, new counsel would need time to get up to speed with the hundreds of filings in this case. Upon this case's reinstatement on the Court's active docket, anticipated in the next ninety to one hundred twenty days, new counsel would likely move for a continuance and further delay these proceedings. Such a continuance would greatly prejudice Plaintiffs. Thus, as a general matter, the withdrawal of Counsel would likely disrupt and delay final disposition of this case.

More concerningly, because this matter involves a corporation, and corporations cannot proceed *pro se*, the prosecution of this lawsuit would be substantially disrupted by allowing Counsel to withdraw from representing Defendants at this late hour. *See also Al Asher & Sons, Inc. v. Foreman Elec. Serv. Co.*, No. MO:19-cv-173-DC, 2020 WL 7495611, at *1 (W.D. Tex. Apr. 14, 2020) (denying motion to withdraw because leaving a corporation to proceed *pro se* would severely disrupt to the orderly progression of the lawsuit); *My Health Inc. v. ALR Techs., Inc.*, No.

5

2:16-cv-535-RWS-RSP, 2019 WL 2395409, at *7 (E.D. Tex. June 5, 2019) (same); *see also Neal Techs.*, 2018 WL 837715, at *3 ("[T]here is no authority allowing the Court to appoint counsel for a corporation in a civil matter.") (citing *FDM Mfg. Co. v. Scottsdale Ins. Co.*, 855 F.2d 213, 214–15 (5th Cir. 1988) (per curiam)). To grant Counsel's Renewed Motion would essentially expose Cimble Corporation to default judgment, thereby significantly prejudicing it. *See Whiteside*, 2020 WL 3064457, at *3.

Thus, two factors weigh against withdrawal: the delay and disruption that would occur if Counsel were permitted to withdraw, and the prejudice experienced by Cimble Corporation in the absence of substitute counsel.

### C.  THIS MATTER'S LENGTHY PENDENCY

This lawsuit has been pending for three years, going on four. *See supra* Section I. Presently, the only work remaining for Defendants' Counsel is jury selection and trial, which the parties and the Court anticipate will occur in the summer of 2021. *See id.* Because this matter is in a procedurally advanced stage, this factor weighs against granting withdrawal. *See FTC v. Intellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993) (denying motion to withdraw where case was ready for trial, which was only one month away); *Globeranger*, 2014 WL 11456069, at *2 ("Only now do Movants seek withdrawal with roughly three months until trial in an extraordinarily complex case that has been ongoing for more than three years. To allow withdrawal now invites the possibility of [defendant] hiring a substitute counsel and moving for a continuance to further delay these proceedings."). Indeed, courts have denied motions to withdraw in cases not nearly as procedurally mature as this one. *See, e.g.*, *Taylor v. Stewart*, 20 F. Supp. 2d 882, 883 (E.D. Pa. 1998) (denying motion to withdraw before discovery deadline closed); *Small v. Regalbuto*, No. 1:06-cv-1721, 2009 WL 1911827, at *2 (N.D. Ohio June 29, 2009) (denying motion to withdraw where

outstanding discovery obligations existed). Because of how long this case has been pending and the case's procedural posture, this consideration weighs against granting the motion to withdraw.

### D.  CLIENT'S ABILITY TO FIND NEW COUNSEL

It is clear Defendants are unable to afford new counsel. In the eight months between the First Motion and the Second Motion, Defendants have only made "nominal payments" towards the balance owed to Counsel. *See* Dkt. 206 at 2. Further, in another matter pending in this District, a United States Magistrate Judge recently recommended dismissal of Defendants' claims, as Defendants have failed to retain counsel over a corporate entity. *See Allen v. Zink*, No. 1:20-cv-45-MJT-ZJH, Dkt. 67 (E.D. Tex. Feb. 12, 2021). Because Defendants are unable to find counsel, this factor weighs against granting withdrawal.

### E.  FINANCIAL BURDEN ON COUNSEL

Though Counsel alleges his firm will face an unreasonable financial hardship as a six-person law firm, the record does not support this assertion. In their First Motion, Counsel stated they, as members of a small five-person law firm, could not afford to take the time to continue working on this case, as it would detract from Counsel's ability to pursue other paying work. *See* Dkt. 193 at 2, 5. The First Motion and Renewed Motion highlight that, due to the COVID-19 pandemic, money is difficult to come by. *See* Dkt. 193 at 1; Dkt. 206 at 2. But, as demonstrated in the Renewed Motion, the firm has at least experienced the financial flexibility to absorb the cost of hiring an additional attorney. *See* Dkt. 206 at 2. This consideration weighs neutrally.

Accordingly, for the same reasons articulated in its ruling on the First Motion, the Court does not find withdrawal warranted. *See* 2020 WL 3064457, at *1–3.

If, in the time remaining until trial, substitute counsel for Defendants is identified, the Court will consider a new motion to withdraw and substitute counsel.

## **CONCLUSION**

For the foregoing reasons, the Court finds Counsel's Renewed Motion (Dkt. 206) is hereby

**DENIED WITHOUT PREJUDICE**.

      **So ORDERED and SIGNED this 26th day of March, 2021.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE