IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN WHITESIDE and AUTOFICIO, LLC, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:17-cv-404-KPJ |
| CIMBLE CORPORATION, ALVIN ALLEN, and PAUL BARRETT, | § § § § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs Brian Whiteside ("Whiteside") and Autoficio, LLC's ("Autoficio" and together with Whiteside, "Plaintiffs") Motion for Entry of Judgment (the "Motion") (Dkt. 271). The Motion is fully briefed. *See* Dkts. 271, 281, 288, 294. Upon consideration, the Motion (Dkt. 271) is **GRANTED IN PART** and **DENIED IN PART**.

**I.   BACKGROUND**

This case was tried before a jury in November 2021. At trial, Plaintiffs sought to recover damages against Defendants Cimble Corporation ("Cimble"), Alvin Allen ("Allen"), and Paul Barrett ("Barrett" and together with Cimble and Allen, "Defendants") arising from two contracts—the Share Purchase and Option Agreement ("SPA") and the Line of Credit Agreement ("LOC"). *See* Dkt. 70 (Second Amended Complaint); Dkt. 254 (Final Pretrial Order). Plaintiffs sought to recover as follows: $300,000 in actual damages related to the SPA; $125,000 in actual damages related to the LOC; exemplary damages; and attorneys' fees and interest. *See* Dkts. 70, 254. The jury awarded damages and apportioned liability as follows:

| Claim | Actual Damages (Awarded to) | Percentage Responsibility | Exemplary Damages |
|---|---|---|---|
| Common Law Fraud | $425,000 (Whiteside) | Whiteside: 0% <br> Allen: 75% <br> Barrett: 25% <br> Cimble: 0% | Allen: $200,000 <br> Barrett: $50,000 <br> Cimble: $0 <br> Cimble, *imputed based on Allen and Barrett's conduct*: $200,000[1] |
| Statutory Fraud | $300,000 (Whiteside) | Whiteside: 0% <br> Allen: 75% <br> Barrett: 25% <br> Cimble: 0% | Allen: $237,000 <br> Barrett: $15,000 <br> Cimble: $0 |
| Negligent Misrepresentation | $850,000 (Whiteside) | Whiteside: 0% <br> Allen: 75% <br> Barrett: 25% <br> Cimble: 0% | |
| Breach of the SPA | $300,000 (Whiteside) | | |
| Breach of the LOC | $25,000 (Whiteside) <br> $100,000 (Autoficio) | | |

*See* Dkt. 259.

Plaintiffs filed the Motion on December 15, 2021, notifying the Court of their election to recover under multiple theories of liability. *See* Dkt. 271. Plaintiffs request the Court enter final judgment pursuant to common law fraud and statutory fraud theories as follows:

- Common Law Fraud: Actual damages of $125,000 (of the $425,000 awarded by the jury), representing damages related to the LOC only, plus exemplary damages of $200,000 awarded against Allen, exemplary damages of $50,000 awarded against Barrett, and imputed exemplary damages[2] of $200,000 awarded against Cimble;
- Statutory Fraud: Actual damages of $300,000, representing damages related to the SPA, plus exemplary damages of $237,000 awarded against Allen and $15,000 awarded against Barrett, plus attorneys' fees to be determined at a later date; and
- Pre- and post-judgment interest, as provided by law.

---

[1] When asked what amount of exemplary damages should be assessed against Defendants for common law fraud, the jury declined to award exemplary damages against Cimble. *See* Dkt. 259 at 3. However, when asked what amount of exemplary damages should be awarded against Cimble for Allen and Barrett's conduct relating to Plaintiffs' common law fraud claim, the jury answered $200,000. *See id.* at 4.

[2] *See* note 1.

2

*See id*. Defendants argue Plaintiffs' requested judgment is improper under Texas law. *See* Dkts. 281, 294. The Motion is fully briefed and ripe for adjudication. *See* Dkts. 271, 281, 288, 294.

## II.   LEGAL STANDARD

"Texas law limits a single remedy for a single wrong." *AMS Sensors USA Inc. v. Renesas Elecs. Am. Inc.*, 554 F. Supp. 3d 870, 879 (E.D. Tex. 2021) (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991)). "A party that tries a case on alternative theories of recovery and obtains jury findings favorable on two or more theories has the right to a judgment on the theory entitling it to the greatest relief." *Id.* at 876 (quoting *St. Paul Ins. Co. v. Rakkar*, 838 S.W.2d 622, 630 (Tex. App.—Dallas 1992, writ denied) (internal citation omitted)). However, the prevailing party may elect to recover damages under multiple, discrete legal theories if: (a) the theories of liability arise from separate and distinct injuries, and (b) there has been a separate and distinct finding of damages for each theory of liability. *See id.* at 879 (quoting *Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72, 80 (Tex. App.—El Paso 1998, pet. denied)). To recover under multiple legal theories, the burden is on the prevailing party to "show that the way th[e] case was presented, tried, and charged to the jury, the actual evidence showed separate and distinct injuries resulting in separate and distinct [damages]." *Nat. Soda LLC v. Bunnett & Co.*, No. 13-17-558, 2020 WL 1951454, at *21 (Tex. App.—Corpus Christi–Edinburg Apr. 23, 2020, pet. denied).

## III.   ANALYSIS

Plaintiffs request the Court enter judgment in Whiteside's favor under two discrete legal theories: common law fraud and statutory fraud. However, Plaintiffs have not satisfied their burden of showing they are entitled to recover under both legal theories. The Court, therefore, finds Plaintiffs are entitled to judgment under the theory that affords them the greatest recovery: common law fraud

### A. Arguments of the Parties

Plaintiffs request the Court award Whiteside "the entire remedy available from his statutory fraud claim concerning the SPA, which includes actual damages, uncapped exemplary damages, and statutorily permitted attorneys' fees." Dkt. 288 at 5. In addition, Plaintiffs request the Court award Whiteside "the entire remedy from his common-law fraud claim concerning the LOC, a separate and distinct harm that resulted in actual damages and uncapped exemplary damages." *Id.*

Defendants contend Plaintiffs' requested judgment is improper under Texas law. Defendants argue Plaintiffs' common law and statutory fraud claims encompassed the same acts and, therefore, there is overlap in the jury awards for each claim. *See* Dkt. 294. According to Defendants:

> Jury Question No. 1 inquired generally whether the Defendants engaged in common law fraud (the fraud was not limited as to a particular document). Jury Question No. 9 inquired whether one of the defendants engaged in statutory fraud as to Whiteside relating to the "SPA." As such Question No. 1 necessarily included Question No. 9. Thus, Plaintiffs are seeking double damages and double exemplary damages for the same alleged wrongful conduct.

Dkt. 294 at 2. Defendants further argue, under Texas law, exemplary damages cannot be awarded against Cimble absent an award of actual damages against Cimble. *See id.* at 4. Because the jury did not award actual damages against Cimble for common law fraud, *see* Dkt. 259, Defendants argue Whiteside may not recover the exemplary damages awarded against Cimble for common law fraud. *See* Dkt. 294 at 4.

Plaintiffs argue their requested recovery is permissible under Texas law "because the jury awarded damages for different harms"—not different conduct—which Plaintiffs contend flow separately from the SPA and the LOC. *See* Dkt. 288 at 3–4. Plaintiffs argue because they are not electing to recover actual damages in full under both theories, they are not requesting a double recovery as to actual damages:

4

> The first harm: Defendants fraudulently misrepresented, *inter alia*, the status, finances, and efficacy of Cimble's operations and induced Whiteside into executing the SPA and investing $300,000 in Cimble. For this wrong, Whiteside sought damages under a theory of statutory fraud, and he now elects the full $300,000 of damages the jury awarded under that theory.
>
> The second harm: Defendants fraudulently misrepresented Cimble's ability to create a vehicle diagnostic product that could be successfully brought to market and induced Whiteside into executing the LOC and financing a loan to Cimble for $125,000. For this wrong, Whiteside sought damages through his theory of common law fraud, and he now elects $125,000 of damages pursuant to that theory.

*Id.*

Plaintiffs further argue recovering exemplary damages against Barrett and Allen under both theories would not contravene the Texas "one satisfaction" rule, as "[t]he rationale of the 'one satisfaction rule' is usually inapposite to punitive damages," which are intended not to compensate the plaintiff for his loss, but to punish the wrongdoer and deter future offenses. *Id.* at 4. Plaintiffs contend the Court may award exemplary damages under both theories so long as the Court awards actual damages under both theories. *See id.* As such, Plaintiffs argue any overlap in exemplary damages is inconsequential to the Court's decision. *See id.*

Finally, Plaintiffs argue Texas law permits them to recover exemplary damages against Cimble even though no actual damages were awarded against Cimble. According to Plaintiffs, because the jury imputed Allen and Barrett's fraudulent conduct to Cimble, a separate award of exemplary damages against Cimble is proper. *See* Dkt. 288 at 6.

### B. Appropriate Theory of Recovery

The Court finds Plaintiffs have not shown Whiteside is entitled to recover under both common law fraud and statutory fraud. Plaintiffs had the burden to prove their entitlement to such a recovery. *See Nat. Soda LLC*, 2020 WL 1951454, at *21. Under Texas law, Plaintiffs were required to show the case was presented, tried, and charged to the jury such that the "actual

5

evidence showed separate and distinct injuries resulting in separate and distinct [damages]." *Id.* Plaintiffs failed to do so.

To support their requested relief, Plaintiffs largely cite the Final Pretrial Order, which generally states that Defendants made separate misrepresentations related to the LOC and the SPA.[3] *See* Dkt. 288 at 3. Plaintiffs also cite the Verdict Form and the Jury Instructions, which show the jury considered different elements for each legal theory and awarded damages separately for each legal theory. However, none of the foregoing show the jury was presented with evidence of separate and distinct injuries that resulted in separate and distinct damages, as was required to support Plaintiffs' requested recovery. As to the evidence presented, Plaintiffs cite only two portions of the trial transcript that support the jury's award of exemplary damages against Allen and Barrett for statutory fraud. *See* Dkt. 288 at 5 n.23–24. However, these citations to the record do not reveal this case was presented, tried, and charged to the jury in a manner that indicated Whiteside's injuries arising under common law fraud and statutory fraud were separate and distinct. This is especially so considering the jury was asked to consider the SPA and the LOC together for purposes of determining liability for common law fraud. Perhaps most fatal to Plaintiff's position is the fact that Verdict Form Questions 1 and 2 (regarding common law fraud)

---

[3] The portions cited in the Final Pretrial Order state, in relevant part, as follows:

> Along with Defendants' withholding of material information regarding the value of Cimble, Defendants also misrepresented and withheld material information regarding Cimble's finances and operations that Plaintiffs did not have the opportunity to discover on their own. Had Defendants properly disclosed the information to Plaintiffs, Whiteside would have insisted on a lower valuation of Cimble in the Agreement or sought a modification of the terms of the SPA or LOC or chosen not to pursue the investment altogether.
> . . . .
> In addition to Defendants' misrepresentations regarding Cimble's financial condition, Defendants misrepresented their ability to develop the promised product. . . . Cimble assured Whiteside that the $125,000 line of credit was sufficient to complete development of the promised product. Plaintiffs provided the funds, but Cimble did not complete the promised product.

Dkt. 254 at 10–11.

do not ask the jury to apportion damages by contract. *See* Dkt. 259 at 1.  The jury here was never asked to draw the lines between conduct and actual damages Plaintiff now seeks to create post-trial. Accordingly, the Court finds Plaintiffs have not shown they suffered separate and distinct injuries for which the jury awarded separate and distinct damages, as required to recover under both theories. *Compare Nat. Soda LLC*, 2020 WL 1951454, at *21 (holding the plaintiff was not entitled to recover under separate legal claims where the plaintiff did not "cite where the evidence showed its damages for [one claim] were separate and apart from its damages for [the other claim]" and where the plaintiff did not cite where in the record it "attempted to segregate damages" attributable to each claim) *with AMS Sensors USA Inc.*, 554 F. Supp. 3d at 880 (finding the plaintiff was entitled to recover under multiple theories of liability because the plaintiff "put on different evidence for its claims" and "the jury separately identified the damages for each claim").

Because Plaintiffs did not show their entitlement to judgment under both common law and statutory fraud, they are entitled to judgment only on the single theory that provides them the greatest relief. *See id.* at 876. Here, that is common law fraud, as it encompasses Plaintiffs' actual damages arising under both the SPA and the LOC, as well as exemplary damages awarded against Allen and Barrett. *See* Dkt. 259.

### C.  Amount of Final Judgment

With respect to Plaintiffs' claim for common law fraud, the jury awarded Plaintiffs actual damages of $425,000 and attributed 75% responsibility to Allen, 25% responsibility to Barrett, and 0% responsibility to Cimble. *See* Dkt. 259. The jury also awarded exemplary damages of $450,000 divided as follows: $200,000 awarded against Allen, $50,000 awarded against Barrett, and $200,000 awarded against Cimble. *See id.* Plaintiffs request to recover the full amount of actual and exemplary damages awarded.

Defendants only oppose Plaintiffs' common law fraud award with respect to the exemplary damages awarded against Cimble. According to Defendants, under Texas law, Plaintiffs cannot recover exemplary damages against Cimble because the jury did not award actual damages against Cimble. *See* Dkt. 294 at 4. Defendants cite Texas Civil Practice and Remedies Code § 41.004, which provides that "exemplary damages may be awarded only if damages other than nominal damages are awarded." TEX. CIV. PRAC. & REM. CODE § 41.004(a).

Plaintiffs argue Whiteside can recover exemplary damages against Cimble because "the jury imputed Allen's and Barrett's fraud and gross negligence onto Cimble." *See* Dkt. 288 at 6. While it may be true, as Plaintiffs argue, that exemplary damages may be awarded against a corporate principal based on actions carried out by the principal through its agents, *see Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391 (Tex. 1997), Plaintiffs have not cited—and the Court cannot find—any authority under Texas law indicating a corporate principal may be held liable for exemplary damages absent an award of non-exemplary damages against it. Accordingly, because no other damages were awarded against Cimble for common law fraud, the Court agrees with Defendants that Section 41.004(a) precludes Whiteside's recovery of exemplary damages against Cimble.

The Court, therefore, finds Whiteside is entitled to recover as follows: actual damages of $425,000, with $318,750 awarded against Allen and $106,250 awarded against Barrett; and exemplary damages of $250,000, with $200,000 awarded against Allen and $50,000 awarded against Barrett.

## IV.   CONCLUSION

For the reasons stated, the Motion (Dkt. 271) is **GRANTED IN PART** and **DENIED IN PART**. The Court will enter final judgment for Whiteside as follows: actual damages of $318,750

awarded against Allen; actual damages of $106,250 awarded against Barrett; exemplary damages of $200,000 awarded against Allen; and exemplary damages of $50,000 awarded against Barrett. The Court will enter final judgment in a separate document.

**So ORDERED and SIGNED this 28th day of September, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE