IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN WHITESIDE and <br> AUTOFICIO, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CIMBLE CORPORATION, <br> ALVIN ALLEN, and PAUL BARRETT, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:17-cv-404-KPJ |

**OPINION AND ORDER**

Pending before the Court is Defendants Cimble Corporation, Alvin Allen, and Paul Barrett's (together, "Defendants") "Amended Motion for Relief from Failure to Timely File Document Attributable to a CM/ECF Failure" (the "Amended Motion for Relief") (Dkt. 312). Upon consideration, the Amended Motion for Relief (Dkt. 312) is **GRANTED IN PART** and **DENIED IN PART**.

I.     **BACKGROUND**

This case was tried before a jury, and on November 8, 2021, the jury returned its verdict. *See* Dkt. 259. On September 28, 2022, the Court entered final judgment. *See* Dkt. 301. Accordingly, the parties had until October 26, 2022, by which to file a motion for a new trial or a motion to alter or amend the judgment. *See* FED. R. CIV. P. 59(b), (e) (providing that each of the foregoing motions must be filed no later than twenty-eight days after entry of judgment). On October 27, 2022, Defendants filed a "Motion to Alter or Amend the Judgment Or, in the Alternative, for a New Trial, and Brief in Support" (the "Rule 59 Motion") (Dkt. 309). Also on October 27, 2022, Defendants filed a "Motion for Relief from Failure to Timely File Document as

1

Result of Technical Failure Not Attributable to the Court" (the "First Motion for Relief") (Dkt. 311), and on November 4, 2022, Defendants filed the Amended Motion for Relief (Dkt. 312). On November 7, 2022, Plaintiffs Brian Whiteside and Autoficio, LLC (together, "Plaintiffs") filed an "Agreed Motion to Stay Plaintiffs' Deadline to Respond to Defendants' Rule 59 Motion" (the "Motion to Stay Deadline") (Dkt. 313), wherein the parties requested the Court stay Plaintiffs' deadline to respond to the Rule 59 Motion (Dkt. 309) until the Court ruled on the First Motion for Relief (Dkt. 311). *See* Dkt. 313. The Court granted the Motion to Stay Deadline (Dkt. 313), noted that the Amended Motion for Relief (Dkt. 312) was the live motion for relief, and stayed Plaintiffs' deadline to respond to the Rule 59 Motion (Dkt. 309) pending the Court's ruling on the Amended Motion for Relief (Dkt. 312). *See* Dkt. 314. Plaintiffs filed a response (Dkt. 317) to the Amended Motion for Relief (Dkt. 312), Defendants filed a reply (Dkt. 318), and Plaintiffs filed a sur-reply (Dkt. 319).

In the Amended Motion for Relief (Dkt. 312), Defendants catalogue their efforts on the night of October 26, 2022, to file and serve the Rule 59 Motion (Dkt. 309). Defendants represent that at approximately 9:39 p.m., Defendants' counsel's ("Defendants' Counsel") assistant successfully logged onto the Court's NextGen CM/ECF system, but the system did not display the "Civil" function necessary to electronically file a motion. *See* Dkt. 312 at 2. The assistant then promptly contacted Defendants' Counsel, who was also unable to resolve the problem. Using the respective login credentials of Defendants' Counsel, an associate working on the case, and another firm lawyer, Defendants' Counsel attempted to access the Eastern District of Texas's CM/ECF system to file the Rule 59 Motion (Dkt. 309), but was similarly unable to access the "Civil" function necessary to e-file a motion. *See id.* at 2–3. At 10:07 p.m., Defendants' Counsel placed a phone call to this Court's divisional office, but no response from the office was received prior to

midnight. *See id.* at 2. At 11:42 p.m., while the e-filing problem was still unresolved, Defendants' Counsel served via email the Rule 59 Motion (Dkt. 309) on Plaintiffs' Counsel. *See id.* at 3. At approximately 8:00 a.m. on October 27, a help desk representative of the Court's divisional office provided a username and password of which Defendants' Counsel was not previously aware, and Defendants then filed the Rule 59 Motion (Dkt. 309) in this District's CM/ECF system. *See id.*

Defendants argue that Local Rule CV-5(a)(10) "provides an equitable safeguard for missing a filing deadline under the circumstances present here." *Id.* In their response, Plaintiffs contend the Court lacks jurisdiction over untimely filed motions for new trial and motions to alter or amend the judgment, and Federal Rule of Civil Procedure 6(b)(2) prohibits courts from extending the deadlines. *See* Dkt. 317 at 2–3. Plaintiffs further argue that even if the Court has discretion to consider the untimely filed Rule 59 Motion (Dkt. 317), such discretion should not be exercised here, as Defendants failed to establish the inability to file was due to court error. *See id.* at 3–4. More specifically, Plaintiffs argue Defendants failed to provide evidence that the technical filing error was due to court error, and Plaintiffs assert that during the same timeframe of the purported technical failure, Plaintiffs successfully filed their own motions via CM/ECF. *See id.* at 4–5. In their reply, Defendants argue the Motion for Relief (Dkt. 312) is not asking the Court to extend the deadline but rather to treat the Rule 59 Motion (Dkt. 309) as timely filed, and the affidavit of Defendants' Counsel's legal assistant (Dkt. 312-1) is evidence of a technical failure. *See* Dkt. 318 at 1–2. Defendants further argue that if the Court construes the Rule 59 Motion (Dkt. 309) as untimely filed, the Court should consider Defendants' motion for post-judgment relief under Federal Rule of Civil Procedure 60(b). *See id.* at 2–4. In their sur-reply, Plaintiffs argue the Court "should not allow Defendants to fall back on Rule [60(b)] simply because they missed their deadline under Rule 59," as "[f]ederal courts have previously held parties should not be permitted

3

to circumvent Rule 59(a) and (e)'s 28-day deadline by re-packaging their motion under Rule 60(b)." Dkt. 319 at 3.

## II.     LEGAL ANALYSIS

### A.  Rule 59(b)

"A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." FED. R. CIV. P. 6(b)(2). "[T]he requirement that post-trial motions be filed within the relevant . . . period after entry of judgment is jurisdictional, and may not be extended by a waiver of the parties or by a rule of the district court." *Escribano v. Travis County*, 947 F.3d 265, 271 (5th Cir. 2020) (internal quotations omitted). Accordingly, when a Rule 59 motion is filed later than twenty-eight days after entry of judgment, as is the case here, the Court cannot extend the deadline. Indeed, in their reply, Defendants concede this point and argue instead that, pursuant to Local Rule CV-5(a)(10), and because Defendants, via email, timely served Plaintiffs, the Court should deem the Rule 59 Motion (Dkt. 309) timely filed. *See* Dkt. 318 at 2. Local Rule CV-5(a)(10) provides:

> A technical failure does not relieve a party from exercising due diligence to timely file and serve documents. A Filing User whose filing is made untimely as the result of a technical failure of the court will have a reasonable grace period to file from the time that the technical failure is cured. There will be a notice on the court's website indicating when the database was down and the duration of the grace period . . . .

LOCAL RULE CV-5(a)(10).

In support of their argument, Defendants cite only *Price v. Jefferson County*, 470 F. Supp. 2d 665 (E.D. Tex. 2006). In *Price*, a response to a motion was filed one day late. *See id.* at 679. The filing party explained "that counsel encountered technical difficulties in attempting to file her response electronically on January 20, 2006," and the filing party "attached a copy of the error message that was generated." *Id.* The Court found the filing party's response to be timely, as

4

there was a "technical failure" and the filing party "filed her response within one day of receiving the error message." *Id.* In other words, the court found the "error message" was evidence of a technical error attributable to the court, i.e., an error attributable to the CM/ECF system itself.

In the instant case, Defendants have failed to provide any evidence that the apparent technical failure was "of the court." LOCAL RULE CV-5(a)(10). Attached to the Amended Motion for Relief (Dkt. 312) is an unsworn declaration of Defendants' Counsel's legal assistant, which attests to Defendants' Counsel's efforts to file the Rule 59 Motion (Dkt. 309) on the night of October 26, 2022. *See* Dkt. 312-1. However, to the extent there was an error of the court, Defendants do not attach any evidence of the apparent state of the CM/ECF system when they attempted to file the Rule 59 Motion (Dkt. 312), such as an image of the allegedly missing "Civil" function that is necessary to file a motion. Further, Local Rule CV-5(a)(10) provides that when a technical error of the court exists, "there will be a notice on the court's website indicating when the database was down and the duration of the grace period." LOCAL RULE CV-5(a)(10). Defendants provide no indication that there was any such notice on the court's website. Moreover, Plaintiffs' successful filing of motions on October 26, 2022, at times later than Defendants' alleged difficulties began, belies such possibility of a technical error of the court. *See* Dkt. 317 at 5; Dkt. 317-1 (CM/ECF receipts showing that Dockets 306, 307, and 308 were filed on October 26, 2022, at 9:57 p.m., 10:01 p.m., and 10:02 p.m., respectively); *accord Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. CV 09-1091 (JNE/JSM), 2013 WL 12329049, at *1 n.1 (D. Minn. Oct. 16, 2013) ("The Court notes that a plaintiff in separate litigation filed an affidavit at the very time that the attorney in this case was allegedly experiencing technical difficulties.").

5

Because Defendants have failed to show that their inability to timely file the Rule 59 Motion (Dkt. 309) was due to court error, the Court cannot deem the Rule 59 Motion (Dkt. 309) as timely filed.

Defendants represent the following:

> Counsel is a registered e-filer in the Eastern District of Texas, has previously successfully e-filed documents in the Eastern District of Texas (including in this case), and, in preparation of the Court's NextGen implementation, Counsel upgraded his PACER account and linked his PACER and Eastern District of Texas CM/ECF accounts. Accordingly, Counsel should have had access to the Eastern District of Texas's CM/ECF system, had no reason to anticipate disruption to his e-filing access, and did not foresee that that any issue would be encountered on this occasion; but this was not the case.

Dkt. 312 at 2. Even if all these representations are true, when a party waits until the last few hours to comply with a deadline, the party does so at its own risk. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("When parties wait until the last minute to comply with a deadline, they are playing with fire."). Such risk is particularly acute where, as here, longstanding law provides that the Court does not have discretion to extend the underlying motion's filing deadline. *See, e.g.*, *Albers v. Gant*, 435 F.2d 146, 147 (5th Cir. 1970) ("A motion for new trial must be filed within [the time prescribed by Rule 59(b)]. In this case the motion was not filed within that time, and the district court thus lacked jurisdiction to hear and rule upon the motion.") (citation omitted). Further, in 2009, the deadlines for Rule 50, 52, and 59 motions were extended from ten (10) days to twenty-eight (28) days to provide litigants sufficient time to file satisfactory post-judgment motions. *See* FED. R. CIV. P. 59 advisory committee's note to 2009 amendment ("Experience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days, even under the former rule that excluded intermediate Saturdays, Sundays, and legal holidays.").

For the foregoing reasons, the Court finds that Defendants untimely filed the Rule 59 Motion (Dkt. 312) and, thus, the Court has no jurisdiction to consider the Rule 59 Motion (Dkt. 312) pursuant to Rule 59.[1]

**B.  Rule 60(b)**

Defendants argue if the Court deems the Rule 59 Motion (Dkt. 309) is untimely filed, the Court should consider it as a motion made pursuant to Rule 60(b). *See* Dkt. 318 at 2–4. Under Rule 60(b), the district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Courts "'may treat an untimely 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief.'" *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (quoting 1 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.03 [4], 60–24 (3d ed. 1998)). Courts routinely treat untimely Rule 59(e) motions as if they had been filed under Rule 60(b). *See, e.g.*, *Felder v. Bartachek*, No. 1:20-CV-1259-SH, 2022 WL 2959716, at *3 (W.D. Tex. July 26, 2022);

---

[1] The Court notes Defendants' representation that they served Plaintiffs via email at 11:42 p.m., on October 26. *See* Dkt. 312 at 3. However, Defendants do not make any legal argument that such service affects the date that the Rule 59 Motion should be deemed filed. Accordingly, assuming that such service was effected, it does not alter the Court's analysis.

*Armbrister v. McFarland*, No. 3:18-CV-1211-B-BH, 2018 WL 7078181, at *1 (N.D. Tex. Dec. 28, 2018), *R. & R. adopted*, 2019 WL 266881 (N.D. Tex. Jan. 18, 2019) ("Rule 59(e) provides that '[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment'. . . . Plaintiff's motion was filed outside of that time frame. It is therefore properly construed as arising under Rule 60(b).") (citation omitted); *Wright v. Denison Indep. Sch. Dist.*, No. 4:16-CV-615-KPJ, 2018 WL 4929285, at *2 (E.D. Tex. Oct. 11, 2018); *Smith v. Pinchback*, No. C.A. C-02-548, 2006 WL 148897, at *1 (S.D. Tex. Jan. 18, 2006). Moreover, the interests of justice support treating the Rule 59 Motion (Dkt. 309) as a motion filed under Rule 60(b). *See, e.g.*, *Firefighters' Ret. Sys. v. Royal Bank of Scot. PLC*, No. CV 15-482-SDD-EWD, 2016 WL 7190566, at *2 (M.D. La. Dec. 12, 2016). Defendants' Counsel "previously successfully e-filed documents in the Eastern District of Texas (including in this case), and, in preparation of the Court's NextGen implementation, Counsel upgraded his PACER account and linked his PACER and Eastern District of Texas CM/ECF accounts." Dkt. 312 at 2. Moreover, once Defendants encountered difficulties with filing the Rule 59 Motion (Dkt. 309), they diligently worked to rectify the situation, including contacting the Clerk of Court's help desk and by using multiple different CM/ECF accounts (Dkt. 309). *See id.* at 2–3. Further, Defendants' Counsel demonstrated good faith by serving Plaintiffs via email prior to the deadline. *See id.* at 3. And ultimately, Defendants filed the Rule 59 Motion (Dkt. 309) on the morning of October 27, 2022.

Accordingly, the Court will treat the Rule 59 Motion (Dkt. 309) as if it were a motion filed under Rule 60(b).

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Amended Motion for Relief (Dkt. 312) is **GRANTED IN PART** and **DENIED IN PART** as follows:

The Amended Motion for Relief (Dkt. 312) is **DENIED** to the extent Defendants request the Rule 59 Motion (Dkt. 309) be considered as made pursuant to Federal Rule of Civil Procedure 59, and **GRANTED** to the extent Defendants request the Rule 59 Motion (Dkt. 309) be considered as made pursuant to Federal Rule of Civil Procedure 60(b).

**IT IS FURTHER ORDERED** that the stay on the briefing for the Rule 59 Motion (Dkt. 309), *see* Dkt. 313, is lifted. By **July 31, 2023**, Plaintiffs shall file their response; Defendants shall have **seven (7) days** from the date the response is served to file their reply, if any; Plaintiffs shall have **seven (7) days** from the date the reply, if any, is served to file their sur-reply, if any. *See* LOCAL RULE CV-7(e), (f).

**IT IS FURTHER ORDERED** that the First Motion for Relief (Dkt. 311) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 17th day of July, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE