IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN WHITESIDE and<br>AUTOFICIO, LLC,<br><br>　　　Plaintiffs,<br><br>v.<br><br>CIMBLE CORP., ALVIN ALLEN, and<br>PAUL BARRETT,<br><br>　　　Defendants. | § § § § § § § § § § § § § | Civil Action No. 4:17-cv-404-KPJ |

## MEMORANDUM OPINION AND ORDER

The following motions are pending before the Court:

- Defendants Cimble Corp. ("Cimble"), Alvin Allen ("Allen"), and Paul Barrett's ("Barrett") (collectively, "Defendants") Motion to Alter or Amend the Judgment or, in the Alternative, for a New Trial, and Brief in Support (the "Motion for Relief") (Dkt. 309), to which Plaintiffs Brian Whiteside ("Whiteside") and Autoficio, LLC ("Autoficio") (collectively, "Plaintiffs") filed a response (Dkt. 338) and sur-reply (Dkt. 344), and Defendants filed a reply (Dkt. 342); and

- Plaintiffs' Motion to Strike Portions of Cimble's Motion for New Trial (the "Motion to Strike") (Dkt. 339), to which Defendants filed a response (Dkt. 343).

For the reasons that follow, the Motion for Relief (Dkt. 309) is **DENIED** and the Motion to Strike (Dkt. 339) is **DENIED AS MOOT**.

### I.　BACKGROUND

This case was tried before a jury in November 2021, after which Defendants were found liable for fraud and negligent misrepresentation, and Cimble was found liable for breach of contract. *See* Dkt. 259. On September 28, 2022, the Court issued the Final Judgment (Dkt. 301) awarding Whiteside the sum of $518,000 from Allen and $156,250 from Barrett with associated pre- and post-judgment interest. *See* Dkt. 301 at 1. Following the Final Judgment (Dkt. 301),

1

Plaintiffs and Defendants filed a number of post-judgment motions, including the Motion for Relief (Dkt. 309) and the Motion to Strike (Dkt. 339). *See* Dkts. 304; 307–09; 328; 339.

In the Motion for Relief (Dkt. 309), Defendants assert that the jury verdict is not supported by "the great weight of the evidence." Dkt. 309 at 12.[1] On this point, Defendants lodge a number of specific objections, including: (1) the evidence supporting the jury's fraud finding is against the great weight of the evidence; (2) the great weight of the evidence does not support a finding of justifiable reliance; (3) the jury's award of fraud damages is against the great weight of the evidence; (4) the exemplary damages award is not supported by a preponderance of the evidence or clear and convincing evidence, and is based on a manifest legal and factual error; (5) the jury's breach of contract findings are against the great weight of the evidence; (6) the court erred in excluding relevant evidence; and (7) the jury's paradoxical verdict merits a new trial. *See* Dkt. 309 at 15–27.[2] In their response, Plaintiffs contend that Rule 60(b) is an improper vehicle for Defendants to relitigate their case and, therefore, the Motion for Relief (Dkt. 309) should be denied. *See* Dkt. 338 at 9–11. In their reply, Defendants argue that, rather than relitigating their case, the Motion for Relief (Dkt. 309) is based on the fact that "there was insufficient evidence to support the verdict," which is permissible under Rule 60(b). *See* Dkt. 342 at 2–4.

---

[1] Defendants filed the Motion for Relief (Dkt. 309) pursuant to Rule 59 of the Federal Rules of Civil Procedure. *See* Dkt. 309 at 1. However, the Motion for Relief (Dkt. 309) was filed more than twenty-eight days after the entry of judgment and was, therefore, untimely. *See* FED. R. CIV. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment."); *see also* FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."). For this reason, the Court construes the Motion for Relief (Dkt. 309) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) ("As with untimely Rule 52(b) motions, and untimely Rule 59(a) motions, a court may treat an untimely Rule 59(e) motion to alter or amend the judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." (citations omitted)).

[2] Defendants also state that Whiteside is equitably estopped from recovering on his fraud claims. *See* Dkt. 309 at 19. However, this assertion includes no corresponding argument. Indeed, Defendants merely restate the contents of the jury instructions. *See id.* Thus, there is no argument for the Court to consider.

2

The following month, Plaintiffs filed the Motion to Strike (Dkt. 339), wherein they contend that the Motion for Relief (Dkt. 309) exceeds the page limits permitted by the Local Rules. *See* Dkt. 339 at 2–3. In their response, Defendants argue that, because the Motion for Relief (Dkt. 309) is "dispositive," it is well within the page limits contemplated by the Local Rules. *See* Dkt. 343 at 1–2.

## II.     LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "Relief under Rule 60(b) is an extraordinary remedy." *Edwards v. 4JLJ, L.L.C.*, No. 23-40189, 2024 WL 983657, at *2 (5th Cir. Mar. 7, 2024) (citing *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013)). "By its very nature, [Rule 60(b)] seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). "[T]he decision to grant or

3

deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for an abuse of that discretion." *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) (quoting *Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010)) (internal quotation marks omitted). "The movant bears the burden of showing that relief is warranted under Rule 60(b)." *DISH Network, LLC v. Vigneswaran*, No. 21-cv-859, 2024 WL 150759, at *2 (S.D. Tex. Jan. 11, 2024) (citing *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)).

The Fifth Circuit has "interpreted Rule 60(b)(6)'s 'any other reason' language to mean any other reason than those contained in the preceding five enumerated grounds of Rule 60(b)." *Rocha*, 619 F.3d at 400 (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). Although Rule 60(b)(6) is considered the "grand reservoir of equitable power," its availability is "narrowly circumscribed" and may only be granted if "extraordinary circumstances are present." *See Yesh Music*, 727 F.3d at 363 (quoting *Batts*, 66 F.3d at 747). For this reason, "Rule 60(b)(6) requires a showing of 'manifest injustice.'" *Id.* (quoting *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)).

### III.   ANALYSIS

In the Motion for Relief (Dkt. 309), Defendants assert three general objections to the jury verdict: (1) the verdict is not sufficiently supported by the evidence; (2) Plaintiffs lack standing to bring their breach of contract claim; and (3) Plaintiffs' counsel prejudiced Defendants during their closing argument by using inflammatory rhetoric. The Court reviews each in turn and concludes that Defendants have not met their burden of demonstrating the "extraordinary circumstances" necessary to prevail under Rule 60(b).

1.   **Evidentiary Issues**

Four of Defendants' arguments relate to the weight of the evidence supporting the jury's verdict. *See* Dkt. 309 at 15 (contending "the jury's proportionate responsibility finding" was contrary to "the great weight of the evidence"); *id.* at 16–19 (arguing "the great weight of the evidence" does not support the jury's determination that Plaintiffs justifiably relied on Defendants' misrepresentations); *id.* at 19–20 (contending "the great weight of the evidence" militates against the jury's damages calculation); *id.* at 20–21 (arguing Plaintiffs failed to prove fraud by clear and convincing evidence rendering exemplary damages impermissible). Additionally, one of Defendants' arguments is based on Defendants' assertion that the Court erroneously excluded relevant evidence. *See id.* at 27. Disagreements regarding how the jury weighed the evidence—and which evidence the Court deemed admissible—do not rise to the level of "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See Yesh Music*, 727 F.3d at 363 (quoting *Batts*, 66 F.3d at 747). In any event, after reviewing the briefing, the Court finds that the jury's verdict, while unfavorable to Defendants, was not contrary to the great weight of the evidence. Ample evidence supported each of the jury's findings. Furthermore, Defendants disagreements with the Court's evidentiary rulings are without merit and certainly do not constitute an extraordinary circumstance.  For this reason, as well as those discussed above, Defendants provide no basis for the extraordinary relief requested.

2.   **Standing**

Defendants also attempt—for the fifth time—to challenge Plaintiffs' standing to bring their breach of contract claim. *See* Dkt. 309 at 21–27. In their reply, Defendants contend that this argument may be considered under Rule 60(b)(4) because "the judgment would be void" as it "was entered without jurisdiction." *See* Dkt. 342 at 3. This argument is wholly without merit and based

on Defendants' misapprehension regarding constitutional and statutory (or prudential) standing. Indeed, the Court has already discussed this issue at length and determined that it has subject matter jurisdiction. *See* Dkt. 357 at 6–8. Thus, the Court will not grant relief based on Plaintiffs' purported lack of standing. *See, e.g.*, *Richard's Clearview LLC v. Starr Surplus Lines Ins. Co.*, No. 22-2326, 2023 WL 1778943, at *2 (E.D. La. Feb. 6, 2023) ("If a party alleges that the judgment lacked subject matter jurisdiction, a challenge under Rule 60(b)(4) will only be sustained when there was a 'clear usurpation of power' or 'a total want of jurisdiction.'" (quoting *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003))).

### 3.     Prejudicial Statements

Finally, Defendants argue that Plaintiffs' counsel made several "questionable" and "inflammatory" remarks during his closing argument. *See* Dkt. 309 at 28. Specifically, Defendants take exception with Plaintiffs' counsel "repeatedly referring to Allen and Barrett as liars." *See, e.g.*, *id.* ("And Mr. Barrett . . . . He lies too."; "They lied about [Barrett] being COO to induce Mr. Whiteside to invest in their company."). This argument is unpersuasive for two reasons.

First, as Defendants concede, they failed to object to these statements at trial. *See id.* at 29 n.3 ("Defendants did not object to this argument at trial . . . ."). The Court cannot find "extraordinary circumstances" here, particularly because Defendants' counsel failed to take any action during trial when they had the opportunity to do so. *Cf. Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276, 286 (5th Cir. 1975) ("We emphasize, however, our continued reluctance to address for the first time on review errors which the trial court was not given an opportunity to consider and correct. Our disinclination to review such claims is especial when the errors assertedly lie in counsel's closing remarks."). Second, this was a fraud trial. Plaintiffs had the burden of proving that Defendants made a "material misrepresentation" with "knowledge of its falsity." *See, e.g.*,

6

Dkt. 256 at 26. Thus, it was not prejudicial misconduct for Plaintiffs' counsel to suggest that Defendants "lied" to Plaintiffs.

Taken together, the Court is satisfied that Defendants have not demonstrated their entitlement to the "extraordinary remedy" provided by Rule 60(b). Thus, the Motion for Relief (Dkt. 309) must be denied.

### IV.    CONCLUSION

For the foregoing reasons, the Motion for Relief (Dkt. 309) is **DENIED** and the Motion to Strike (Dkt. 339) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 29th day of March, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE