IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AUTOFICIO, LLC, *et al.* | § | |
| | § | |
| v. | § | NO. 4:17-CV-00404-BD |
| | § | |
| CIMBLE CORP., *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

After a jury trial and an initial judgment on the verdict, the court entered an amended final judgment awarding plaintiff Brian Whiteside damages, attorneys' fees, and pre- and post-judgment interest on his claims against defendants Alvin Allen and Paul Barrett. Dkt. 368. The defendants moved to alter or amend the amended judgment or for a new trial. Dkt. 369; *see* Dkts. 377 (response), 381 (reply). They also renewed their initial motion, presented orally and denied by written order, for judgment as a matter of law. Dkt. 370; *see* Dkts. 378 (response), 382 (reply). The motions, which were filed two days before the defendants noticed their appeal to the Fifth Circuit of the amended final judgment, will be denied, allowing the Fifth Circuit appeal to proceed.

## BACKGROUND

Whiteside and Autoficio, LLC, sued Allen, Barrett, and Cimble Corp. for statutory fraud, common-law fraud, negligent misrepresentation, and breach of contract in connection with the plaintiffs' investment in the defendants' now-defunct business. Dkt. 70 (operative complaint). The case was tried to a jury. The plaintiffs and the defendants each orally moved for judgment as a matter of law before the case was submitted to the jury. Dkt. 277 at 273–82 (trial transcript). The court denied both motions, Dkts. 264, 265, and the jury returned a verdict finding Allen and Barrett liable to Whiteside and Autoficio, Dkt. 259.

The plaintiffs moved for judgment on the verdict. Dkt. 271. In an order addressing that motion, the court explained that Whiteside could recover damages based on either statutory or common-law fraud but not both. Dkt. 300 at 5–7. Concluding that the common-law theory would afford

Whiteside a greater recovery, *id.* at 3, the court entered a final judgment for Whiteside on that basis, Dkt. 301.

The defendants moved to alter or amend the original judgment or, in the alternative, for a new trial. Dkt. 309. Because that motion was untimely, the court treated it as a Rule 60 motion for relief from the judgment, *see* Dkt. 329, and denied it, Dkt. 358.

Whiteside moved for attorneys' fees, Dkt. 307, and, after concluding that he could recover more on his statutory fraud claim than on his common-law fraud claim, moved to amend the judgment, Dkt. 308. He asked only for leave to elect a different remedy and for entry of judgment based on that election. *Id.* The court granted the motion to amend and entered an amended final judgment awarding Whiteside damages for his statutory fraud claim, attorneys' fees, and pre- and post-judgment interest. Dkts. 367, 368.

Twenty-eight days later, the defendants moved to alter or amend the amended judgment or for a new trial, Dkt. 369, and for judgment as a matter of law, Dkt. 370. But before the court ruled on those motions, the defendants appealed the court's amended judgment to the Fifth Circuit. Dkt. 371.

## DISCUSSION

### I. Jurisdiction

Although a "perfected appeal divests the district court of jurisdiction," *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004), "the timely filing of a motion listed in [Federal Rule of Appellate Procedure] Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court," *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005). The list includes a motion for judgment as a matter of law filed under Federal Rule of Civil Procedure 50(b), for a new trial under Rule 59(a), and to alter or amend the judgment under Rule 59(e). Fed. R. App. P. 4(a)(4)(A). The filing of a listed motion suspends the notice of appeal "regardless of whether the motion was filed before or after the notice of appeal" was filed. *Ross*, 426 F.3d at 751–52. The defendants' notice of appeal, filed after their Rule 50(b) and Rule 59 motions were filed,

2

therefore does not deprive this court of jurisdiction to rule on those motions. *See* Fed. R. App. P. 4(a)(4)(B).

## II. The Rule 59 Motion

The defendants' Rule 59 motion seeks alteration or amendment of the judgment under Rule 59(e) or a new trial under Rule 59(a). Dkt. 369. The relief available and the required showings differ under subsections (a) and (e), so the court treats each request separately.

### A. The defendants' request for a new trial

The defendants argue that the court should order a new trial because the jury's verdict is against the great weight of the evidence. The plaintiffs respond that the defendants' motion is untimely and that it presents no legitimate basis for granting a new trial that the court has not already considered and rejected. They are correct in part. The motion is timely, but it does not warrant a new trial.

#### 1. Timeliness

A motion for a new trial must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). The plaintiffs argue that the motion is late because it came almost two years after the court entered judgment on the merits. Dkt. 377 at 4–5; *see* Dkt. 301. The defendants argue that the court should have treated their first motion for a new trial, Dkt. 309, which was filed one day late, as filed under Rule 59 instead of Rule 60, *see* Dkt. 329 (order explaining that the court lacks authority to extend the deadline to file Rule 59 motions). They also argue that the amended judgment was "an entirely new judgment" that "literally changed every element of the judgment." Dkt. 381 at 2.

When a motion for a new trial is filed after the entry of an amended judgment, "the second judgment prevails and begins the running of the [28]-day limitation, if it is a superseding judgment making a change of substance which disturbed or revised legal rights and obligations." *Cornist v. Richland Par. Sch. Bd.*, 479 F.2d 37, 39 (5th Cir. 1973) (quotation marks omitted) (discussing a prior version of Rule 59(b) that set a 10-day time limit). But if the amended judgment makes only a "clerical change, such as correct[ing] the names of parties or dates, the time for filing motions does

3

not start to run from entry of the second judgment, but rather runs from date of the first judgment." *Id.*

Here, the amended judgment "revised legal rights and obligations," *id.*, by changing the amount of damages and fees the defendants owe Whiteside. Entry of the amended judgment therefore restarted the 28-day clock to file a motion for new trial, so the defendants' motion was timely.

### 2. Sufficiency of the evidence

Adopted in 1937, Rule 59(a) allows the court to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "[T]he broad discretion" that Rule 59(a) grants the court "is tempered by the deference due to a jury." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989). The court may grant a new trial on evidentiary grounds only if "the verdict is against the great weight of the evidence." *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 230 (5th Cir. 2020) (quotation marks omitted).

The defendants level that charge against the jury's findings of fraud; negligent misrepresentation; breach of contract; and damages. They also argue that the court erred by excluding admissible evidence and that Whiteside is equitably estopped from recovering on his fraud claims.

The defendants previously raised all of those arguments, Dkt. 309, and the court rejected them, Dkt. 358. After considering the trial record and the defendants' arguments, the court concluded that "the jury's verdict, while unfavorable to [the d]efendants, was not contrary to the great weight of the evidence. Ample evidence supported each of the jury's findings. Furthermore, [the defendants'] disagreements with the [c]ourt's evidentiary rulings are without merit." Dkt. 358 at 5. The court will not disturb that ruling.

### B. The defendants' request to alter or amend the judgment

In connection with their Rule 59(e) motion, the defendants ask the court to "correct numerous errors made by the previous judge," Dkt. 381 at 1, including the court's treatment of their first,

4

untimely Rule 59 motion as a Rule 60 motion, *see* Dkt. 329, and its rulings on contractual standing, *see* Dkts. 113, 197, 357. In response, the plaintiffs argue that the motion is untimely and that it improperly rehashes evidence and arguments already considered and rejected.

The text of Rule 59(e) provides no substantive guidance. Titled "Motion to Alter or Amend a Judgment," it states only that such a motion "must be filed no later than 28 days after the entry of the judgment."

Case law completes the picture. A Rule 59(e) motion, which "calls into question the correctness of a judgment," *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002), "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). To be successful, the motion "must clearly establish either a manifest error of law or fact," "must present newly discovered evidence," or must show that an intervening change in the controlling law requires a different outcome. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, and Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment," *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

The motion's challenges to the amended judgment are timely. But the defendants are not entitled to the extraordinary remedy of Rule 59(e) relief.

### 1. Timeliness and scope of review

The defendants filed their motion almost two years after the court's initial final judgment, Dkt. 301, but less than 28 days after the amended final judgment, Dkt. 368. That makes the motion timely, *Harrell v. Dixon Bay Transp. Co.*, 718 F.2d 123, 127 (5th Cir. 1983), but only to the extent it challenges the basis of the amendment to the judgment, *see Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1253 (Fed. Cir. 2018) (holding that an amended judgment did not restart the clock for a Rule 59(e) motion that was unrelated to the collateral issue that formed the basis of the amendment); *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 221 (2d

5

Cir. 2017) (allowing a Rule 59(e) motion after an amended judgment "*only if* the motion bears some relationship to the district court's alteration of the first judgment"); *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 521 (7th Cir. 1993) (noting that a Rule 59(e) motion filed after an amended judgment "must bear some relationship to the district court's alteration of the first judgment—that is, the motion must challenge the altered and not the original judgment").

The amended judgment did not disturb the court's imposition of liability based on the verdict. It instead adopted Whiteside's re-election of remedies and awarded him attorneys' fees. Dkt. 367 at 10, 24. The defendants do not dispute Whiteside's re-election of remedies. They challenge only the fee award.

### 2. Merits

The defendants argue that the plaintiffs are not entitled to fees because their supplemental briefing does not establish that the rates charged were reasonable based on permissible evidence. Dkt. 369 at 18–19. That is not a new argument. The defendants made it in their response to the plaintiffs' supplemental briefing on fees, using language identical to what appears in their present motion, *compare* Dkt. 365 at 2 *with* Dkt. 369 at 18–19, and the court rejected it, Dkt. 367 at 5, 24.

Moreover, the defendants do not explain why their arguments against the fee award could not have been raised before entry of the amended judgment. They had several opportunities to make those arguments. *See* Dkts. 307 (motion for fees), 322 (defendants' response), 326 (reply), 359 (order for supplemental briefing on fees), 360 (plaintiffs' supplemental brief), 361 (second order for supplemental briefing), 362 (plaintiffs' second supplemental brief), 365 (defendants' supplemental brief).

Those problems are fatal. The defendants do not identify any manifest error in the court's judgment, any newly discovered evidence, or any intervening change in controlling law. And they cannot properly use Rule 59(e) to raise arguments that could have been, and were, addressed before the judgment was entered.

### III. The Rule 50(b) Motion

In their renewed motion for judgment as a matter of law, the defendants argue that the plaintiffs lack standing and that the evidence does not support their claims for breach of contract, statutory and common-law fraud, and negligent misrepresentation. The motion also challenges the amount of damages awarded by the jury and seeks to renew the defendants' motion to dismiss based on judicial estoppel and judicial admission. The plaintiffs respond that the renewed motion is untimely, that the jury's verdict was supported by the evidence, and that several of the defendants' arguments find no proper place in a renewed Rule 50 motion.

The court need not decide whether the motion was timely. Even assuming it was, many of the arguments it advances were forfeited, and the rest lack merit.

### A. Timeliness

The plaintiffs argue that the court should not consider the defendants' renewed Rule 50(b) motion, which was filed 686 days after the court first entered judgment. Dkt. 378 at 2. The defendants argue that their motion is timely because it was filed within 28 days after the court entered an amended judgment. Neither party identifies binding authority on the timeliness of a Rule 50(b) motion filed after an amended judgment.

Rule 50(a)(2) allows a party to move for judgment as a matter of law "at any time before the case is submitted to the jury." Unless the motion is granted before the case goes to the jury, the movant may renew its motion "[n]o later than 28 days after the entry of judgment." Fed. R. Civ. P. 50(b).

The defendants argue that the motion should be allowed because the amended judgment changed the theory of liability and "literally changed every element" of the original judgment. Dkt. 382 at 2. They rely on *Tru-Art*—which, as already noted, addressed the timeliness of a Rule 59(e) motion, rather than a Rule 50(b) motion. 852 F.3d at 221–22.

In *Tru-Art*, the Second Circuit treated a post-judgment motion for a discretionary award of pre-judgment interest as a Rule 59(e) motion to alter or amend the judgment and applied that rule's timing requirements. *Id.* at 220. The court then considered whether the 28-day clock for Rule 59(e)

7

motions began to run when the initial judgment or the amended post-remittitur judgment was entered. *Id.* Reasoning that the time limit "would be ineffective if parties could continually file motions unrelated to the basis for the new judgment, thereby preventing the judgment from becoming final," *id.* at 222, the court held that the timeliness of a motion challenging the judgment is determined based on the date of the amended judgment "*only if* the motion bears some relationship to the district court's alteration of the first judgment." *Id.* at 221.

As previously noted, a Rule 59(e) motion challenges the correctness of a judgment and must be filed within a set time after the court enters judgment. A Rule 50(b) motion, on the other hand, "challeng[es] the sufficiency of the evidence in a civil jury trial." *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006). Previous versions of Rule 50 required renewal of the motion within a set time "after the reception of the verdict." Fed. R. Civ. P. 50(b) adv. cmte. n. to 1963 amend.; *see Johnson v. N.Y., N.H. & H.R. Co.*, 344 U.S. 48, 50 (1952). The current version requires the renewed motion to be filed no later than "28 days after the entry of judgment." Fed. R. Civ. P. 50(b). Does that mean that the motion challenging the evidence supporting the verdict must be filed within 28 days of the entry of the judgment that first gave effect to the verdict, or may it be renewed 28 days after the entry of an amended judgment?

The authorities the parties cite do not answer that question. And the court need not answer it here. As explained below, even assuming the motion was timely, it does not entitle the defendants to relief.

**B.  Forfeited arguments**

Rule 50 provides a two-step framework for a party seeking judgment as a matter of law. Under Rule 50(a), the party must request relief "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). The motion must "specify the judgment sought and the law and facts that entitle the movant to the judgment." *Id.* If the court submits the case to the jury without granting the motion, it does so "subject to the court's later deciding the legal questions raised by the motion." *Id.* R. 50(b). Then, after entry of judgment, Rule 50(b) provides that the movant may "file a renewed motion for judgment as a matter of law." *Id.*

8

A Rule 50(b) motion is "technically only a renewal of" the Rule 50(a) motion. *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 290 (5th Cir. 2019). Rule 50(b) "is designed to prevent a litigant from ambushing both the district court and opposing counsel after trial." *Id.* To that end, the renewed motion may not raise points beyond those raised in the original motion. *Id.* That limitation gives "the opposing party a chance to cure any defects in its legal theories or proof." *Id.* at 291.

The defendants' Rule 50(a) motion challenged the sufficiency of the evidence on the plaintiffs' claims for breach of contract, common-law fraud, statutory fraud, and negligent misrepresentation. Dkt. 277 at 278–82; *see* Dkt. 264 (order denying the defendants' Rule 50(a) motion). The Rule 50(b) motion seeks to revive arguments not from the Rule 50(a) motion, but rather from a motion to dismiss based on judicial estoppel and judicial admission. Dkt. 370 at 13; *see* Dkts. 280 (original motion), 297 (order denying original motion). The defendants identify no authority that would permit them to reassert in a Rule 50(b) motion arguments from an unsuccessful motion to dismiss.

The renewed Rule 50 motion also purports to challenge the plaintiffs' "constitutional and contractual" standing. Dkt. 370 at 8–12. Were it valid, the constitutional part of that challenge would undo everything. But like "jurisdiction," "standing" "is a word of many, too many, meanings," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998) (quoting *United States v. Vanness*, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)); *see Ass'n of Battery Recyclers, Inc. v. EPA*, 716 F.3d 667, 675–78 (D.C. Cir. 2013) (Silberman, J., concurring), and the plaintiffs have used the wrong label.

Standing under Article III of the Constitution "is a jurisdictional prerequisite." *NAACP v. City of Kyle*, 626 F.3d 233, 237 (5th Cir. 2010). In its absence, "the court cannot proceed *at all* in any cause." *Id.*; *see Fort Bend County v. Davis*, 587 U.S. 541, 548 (2019). But in addition to their having been previously raised and rejected, *compare* Dkt. 328 *with* Dkt. 370 at 8–12, the defendants' arguments do not implicate Article III standing. They instead attack Whiteside's and Autoficio's contractual standing to sue on a contract agreed to by an entity that is no longer a party to the suit. Questions of a party's "contractual right to bring th[e] suit" "do not go to the court's subject

9

matter jurisdiction, but are instead part of the inquiry into the merits of a particular claim." *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350 (5th Cir. 2021).

That means the defendants' "standing" arguments are also subject to forfeiture. And in fact, they are forfeited. The defendants did not make them in their Rule 50(a) motion before the case was submitted to the jury, and they identify no authority that would allow the court to consider them now. The defendants have already challenged the plaintiffs' standing, and the court has rejected those challenges. *See* Dkts. 77 (motion to dismiss), 113 (order denying the motion to dismiss), 137 (summary-judgment motion), 197 (order granting in part and denying in part the summary-judgment motion), 309 (first motion for new trial), 328 (post-judgment motion to dismiss), 357 (order denying post-judgment motion to dismiss), 358 (order denying first motion for new trial). It will not reverse course now.

## C. Sufficiency of the evidence

The court may grant relief under Rule 50 if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "A jury verdict lacks a legally sufficient evidentiary basis where the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not arrive at a contrary verdict." *Mays v. Chevron Pipe Line Co.*, 968 F.3d 442, 447 (5th Cir. 2020), *as revised* (Aug. 4, 2020) (quotation marks omitted). The court must not usurp the jury's role by weighing the evidence or making credibility determinations. *Id.* It must instead "draw all reasonable inferences in the light most favorable to the verdict and cannot substitute other inferences that [the court] might regard as more reasonable." *EEOC v. Boh Bros. Constr. Co.*, 731 F.3d 444, 452 (5th Cir. 2013).

The defendants argue that the plaintiffs did not prove all elements of their breach-of-contract claim, that they failed to prove justifiable reliance, and that the evidence does not support the damages awarded by the jury. The court has already considered those exact arguments, which the defendants raised in a previous post-judgment motion. *See* Dkt. 309 at 15–21. The court found that

10

"[a]mple evidence supported each of the jury's findings." Dkt. 358 at 5. Once again, the court will not disturb that conclusion or the jury's work.

## CONCLUSION

It is **ORDERED** that the defendants' motions, Dkts. 369, 370, are **DENIED**.

So **ORDERED** and **SIGNED** this 15th day of May, 2025.

_____
Bill Davis
United States Magistrate Judge